Before we get started, I'd like to welcome Judge Beth Labson-Freeman to my left. She's a United States District Court judge for the Northern District of California, and we welcome her to the Federal Circuit, and she sits here today by designation for the Supreme Court. Okay. With that, let's go to our first case, Sutla v. MSPB, 24-1818. Ms. Agostino, Counselor Agostino, you reserved five minutes of your time for rebuttal, correct? Correct. Okay. We're ready when you are. All right. May it please the Court. This case concerns whether appellant made a non-frivolous allegation that the Merit Systems Protection Board, or MSPB, has jurisdiction over his appeal of the decision of the Department of Commerce to terminate him. As the Board has explained, in Fernden v. Postal Service, non-frivolous allegations are allegations of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter. While the Board has jurisdiction over appeals filed by employees, the Board generally, except in very limited circumstances, does not have jurisdiction over appeals filed by what are called probationary employees who are typically in their first year of employment with the government. Appellant's evidence that Commerce did not require him to serve a probationary period is that while his initial appointment was what's called a career conditional appointment, and the initial paperwork documenting that appointment said he had to serve a probationary period, Commerce then filed a series of correction actions and actually canceled that appointment. Commerce then reappointed him as a career employee, and in multiple documents called Notification of Personnel Actions or Standard Form 50s, the agency affirmatively indicated that appellant does not have to serve a probationary period. Appellant was employed by the Department of Navy for 18 years. He completed his probationary period there, and every single SF-50 that Commerce issued to appellant thereafter, including the SF-50 documenting his termination, said that he was a tenured employee. Your client was a direct hire authority, right? I'm sorry, what was that? Direct hire authority? He was a direct hire. So a direct- Doesn't that close your case for you? So a direct hire is someone who is not necessarily competitively selected, does not have to go through the competitive process, but is appointed to the competitive service. And so while the government argued that the direct hire regulation does not exempt an agency from having an employee serve a probationary period, it certainly does not require a direct hire to serve a probationary period. Just so I can make sure I understand what is the real final issue in this case, I understand your view is your client already served the required initial probationary period and completed that, and so therefore is an employee and doesn't need to serve a second probationary period. Correct. The government says Mr. Sutula here, for this supervisory engineer position, was hired from a certificate of eligibles. Is it your understanding that that's really the issue here as to whether or not there's jurisdiction for the board, whether or not Mr. Sutula was hired from a certificate of eligibles? And so we don't really worry about any distinctions between a career appointment versus a career conditional appointment, or was this a direct hire or not a direct hire? What this really boils down to was whether Mr. Sutula was hired from a certificate of eligibles. Am I understanding this case correctly? I would dispute that. I think that the direct hire regulation could be utilized in this circumstance. Of course, but I think as you already said, an employee could still be hired from a certificate of eligibles through the direct hire process. Did I hear you acknowledge that before? Yes. Okay, so then even if he was hired through a direct hire system, it's still possible that he could have been hired from a certificate of eligibles. And then under the regulation 351801A, if you're hired from a certificate of eligibles, then you have to go through a probationary period. That's my understanding of the government's position. That is the government's position. So I guess the question is, if the government is correct that Mr. Sutula was hired from a certificate of eligibles, then doesn't that mean that he has to go through the probationary period? That's what happened in Grigsby, right? You're familiar with Grigsby. So I think what's in conflict, though, is the non-requirement in the direct hire regulation, which derives from a statute and the, I guess, now rescinded regulation, subpart H of 315, which says that if an employee is appointed from a competitive list of eligibles, they're to serve a probationary period. There's case law from the board, Calyxto v. Department of Defense, that talks about how an agency in a direct hire circumstance certainly can require a probationary period. But it's not a requirement. And they didn't do so here rather affirmatively. At no point did they cancel any of the SF-50s saying that he was a tenured non-probationary employee. Well, you know, in the Grigsby case, Mr. Grigsby's SF-50 said his probationary period was completed. But nevertheless, the government came forward with proof that Mr. Grigsby was hired from a certificate of eligibles. And so therefore, this court ruled, well, then that's the end of the game. He has to go through the probationary period. And the SF-50 form, which is not a legally operative document, had a mistake in it. So I guess, I'm not saying that happened here, but it could have happened here. In this case, the only evidence that he was selected from a certificate was a remark on a canceled SF-50. There was no information about the selection process. There was no discovery in this case. There's no affidavit saying that there was any sort of competitive process and that he was selected from a certificate. So there is that remark. Right. Now we're debating on whether he was, in fact, hired from a certificate of eligibles. I'm just trying to get to see if I can understand that you would agree that if he was, that's all I'm asking. If he was hired from a certificate of eligibles, or if there's preponderant proof to that effect, then would you agree that he then had to serve the probationary period? Yeah, I would not agree because they did use direct hire authority, and that's what is  But we just talked about how direct hire authority doesn't necessarily require one way or the other. Exactly. And they didn't require it. Which means that it can require it. They can if they wish to require it. I would concede that, absolutely. But if they did, in fact, use it, then the fact that it was through a direct hire doesn't seem to make a difference. I would concede that they certainly could, but they did not in this case. Right. So that's what it comes down to. This is what I've been trying to get to. Isn't the real issue here whether or not he was hired from a certificate of eligibles? I do not believe so. So the SF-50 documented that his appointment was as a direct hire, not, for example, a reinstatement. If it was a reinstatement, we'd be talking about something different. The original SF-50 certificate said that Mr. Sertullo was selected from a certificate number, then it gives a CBM-001 number. Right. Why isn't that enough to indicate that this was a hire from a certificate? Well because that action was canceled. And then the government issued a series of correction actions because it was an erroneous document. So there's just no other evidence that that actually happened. The subsequent correction still referred back to the certificate. I'm sorry, what? The correction that was issued, the SF-50 correction. Right. That still referred back to a certificate hire, didn't it? No, it did not. The only document that refers to the certificate is the canceled action. The government argued that the- I guess what you would call the final SF-50, which is at A56, labeled Exhibit 4. In the remarks section, it talks about things like corrects items 6A, 6B, 5A, 5B of original action and corrects item 24 from 2. The point I'm trying to make here is in the remarks section of what is probably the final SF-50 seems to be making references back to an earlier SF-50 and is telling us that this current final SF-50 is making corrections to those prior SF-50s. In that way, it is referring back to an earlier form. To understand the meaning of this final form, you have to look back and take it together with an earlier SF-50, I think. I would agree that the cancellation actions were canceling the original SF-50, but there was an actual affirmative new appointment made as a career employee. We all agree with that. I'm just trying to see if I can get you to agree that what these remarks talking about correcting earlier SF-50 forms necessarily means you have to go back and look at those earlier SF-50 forms to understand the intent and meaning of the final SF-50. I think what's very apparent is that every... I'm just trying to get a yes or no answer. If you want to disagree with this, you can disagree, but I'm just trying to get a yes or no answer out of you. I don't believe that a canceled personnel action has any value. Obviously the correction actions were focused on saying the agency is not requiring him to serve a probationary period. That's said over and over and over again. That was a choice they made under the direct hire authority. That's a choice that they are allowed to make. You're into your rebuttal time now. Do you want to...  Just a second. Judge, do you have any questions? No.  Okay. Let's hear from the other side. You are Counselor Shell-Margaret. Yes, exactly. May it please the court, the petitioner did not meet his burden to non-privilegedly allege board jurisdiction in this case. As your honors have been discussing, the SF-50 submitted to the board by the petitioner himself clearly shows that he was selected from a certificate with a specific date and a specific number. Counsel, but how do you interpret the cancellation? In my view, when something's canceled, we don't refer back to it anymore. It's as though it's not admitted into evidence and therefore it doesn't exist. What's your view of the cancellation? The cancellation is referring to canceling the career conditional appointment. It's not canceling the entire SF-50. How do I see that on the form? The cancellation SF-50 is at page 55. The nature of the action in 5A is cancellation and the identified nature of the action in 6 is the career conditional appointment. So we know that it was the career conditional appointment that was canceled. You keep saying we know. So how do we know that? The forms, the first box 5B is what's happening and the second box is what it is referring to. But that could easily mean that the entire SF-50 is void ab initio. I don't think so. I know you don't think so, but I think there's at least an argument. It's not so clear to me on the face of this document that we can pick and choose which things in the original SF-50 have been deemed canceled and therefore everything else is still alive and real and trustworthy. I guess I would make two points. As you were mentioning, the final SF-50 does refer back to the original SF-50 and supplements and corrects those remarks. There's also many other remarks on the appointment SF-50 that are never repeated in subsequent SF-50s, such as the date that he executed his service affidavit, his qualifications for a supervisory engineer position. Why would the final SF-50, assuming we're correctly identifying the final SF-50, say in unambiguous terms, quote, initial probationary period completed, end quote? That seems to end the inquiry right there. This is a formal statement after a lot of back and forth, a tremendous amount of back and forth across a series of SF-50s, OPM finally coming to rest with a single conclusion, initial probationary period completed. Doesn't that sort of end the game? Or at a minimum, raise a non-frivolous allegation that, in fact, there was no probationary period to further complete here? Well, it wasn't OPM. It was Department of Commerce, HR. They made a variety of changes to the SF-50s. Some of them were correct. Some of them were not. But their understanding- You would say this one is also not correct. This one is not correct. In your view. So why doesn't that then become the grounds for a non-frivolous appeal? So that there can be a jurisdictional hearing. Because as I understand the law, we aren't deciding here whether or not Mr. Satula is an employee. We're deciding whether he made a non-frivolous showing that would entitle him to a jurisdictional hearing where then the board could decide whether or not he met the standard. The petitioner has a burden at the outset to make a non-frivolous allegation to get a hearing. Yes. These documents that he submitted show there's a factual remark on the appointment SF-50 that was never changed in the subsequent SF-50s, that he was appointed from this specific certificate. That's Grigsby. We can look to the SF-50, even if there's other ministerial errors on it, for the fact that they were appointed by a certificate. It's pretty difficult to advise a jury that once a person has been mistaken in a part of their testimony, you can disregard all of it. So if you're acknowledging a mistake in this form, how are we going to decide what is accurate and what is not accurate? Why isn't that the very essence of going back for a jurisdictional hearing? So that the petitioner, the appellant here, has the opportunity to make that proof or lose fair and square. The petitioner didn't meet their burden before the board. If the petitioner had needed more evidence to support their jurisdictional argument, he could have obtained discovery. Let me put a finer point on Judge Freeman's question. If there's conflicting evidence in the record, then isn't that a classic situation where the petitioner has non-frivolously alleged that he's an employee? The board reasonably found that... I'm just asking you a question. Forget about the facts of this case. If there is conflicting evidence in the record, where the record of SF-50 forms are Janice-faced, they're pointing in opposite directions, isn't that a classic case where there has been a non-frivolous allegation made? I don't believe so, Your Honor. Oh, even in that case? In this case. No, I'm not talking about this case anymore. Hypothetically. I'm talking about a classic case of conflicting evidence, of Janice-faced evidence pointing in opposite directions through a series of SF-50 forms. Wouldn't that be a non-frivolous allegation? Both positions are plausibly correct, and therefore we need a fact finder to sort it out. I think that the difference is that the regulation... You don't know. I just need an answer to my question. I mean, I could speculate on how the board would look at documentary evidence. If you want to say no, you can say no. But you have to say either yes or no. Well, can I qualify it with one of these as a legal statement? After you say yes or no, you can say whatever you want about this case. Presumably, equally probative conflicting evidence would require further... It doesn't even have to be equally probative. Well, I can't answer your question because the statement that the probationary period was completed was a legal implication flowing from HR's understanding of his prior creditable service. It's not a factual evidence in the record that he was appointed from a certificate, which therefore requires him to serve a probationary period. Let me ask you a different question. Is there, in fact, a certificate, number 20201030? It wasn't provided into the record. So you don't know for sure whether it exists. The board found that this was credible evidence, competent evidence, uncontradicted evidence that it was used. And before the board, before the administrative judge, the petitioner argued he was appointed from a register. So I think we have to take that into consideration, that he made that argument originally and then subsequently shifted over time. Didn't know the circumstances of the details of that portion of his hire? I believe that if he had needed additional evidence regarding his jurisdictional burden, it was incumbent upon the petitioner, who was represented at all times, to ask for discovery. They never objected to the administrative judge's order staying discovery. They didn't argue it was wrong on administrative review. That was his burden, part of his burden, if he needed additional evidence regarding jurisdiction. Is there any competing evidence at all regarding the certificate of eligibility? There's no evidence suggesting one was not used. There was no subsequent reference to a certificate, nothing in the corrected SF50s. Well, the only evidence that he was a direct hire, which is ambiguous in and of itself, because it could be through a certificate of eligibles. Yes. They could have chosen not to use a certificate. But the only evidence in the record regarding the certificate shows that one was used. And the board relied on it reasonably, I think, pursuant to precedent from both the board and the court, that this factual statement in an SF50 is sufficient to find that a certificate was used. What did the board say about the final SF50s remark that initial probationary period completed? What did the board say? What did the board say about that? I mean, this is the counter evidence in the record. So the board, you would think, would have needed to acknowledge it, confront it, and address it. I think the board cited, relied on the fact that it's... I think the board said nothing. Well, the board said that SF50s are not controlling as to the legal status and rights of an employee. And so the remark about the initial probationary period is not... It is a legal implication flowing from HR's understanding of the service. Well, if the SF50 is not controlling, I'm prepared to go forward with that. Then you have to actually bring the paper. This is the certificate of eligibles, and that didn't happen. I appreciate the burden is on the...here, the appellant, to make that proof. But still, in one breath, you tell us to rely on what's written in the SF50, the original one. Then you tell us it's fraught with mistakes and that the cancellation... I'm not even sure what you're telling us the cancellation should mean. I don't know where that leaves me. I'm not just going to pick the things that say you win. Well, Grigsby says that the SF50 is not controlling regarding their status and rights. The real facts are what are controlling, and so we need the certificate, don't we? I believe that the specific reference to the certificate is a factual remark. How many times was the SF50 form corrected? I believe there's four in the record. And how many are out of the record? I don't know. There was some...well, there's probably more than four, but some of them were not relevant to...  I don't know. Nine times? Are there nine? The certificate was corrected? No, I believe it was...they changed the appointment. Well, I'm asking you. The agency submitted, or the petitioner submitted... And we don't know. ...three corrections. You're not referring to those other certificates that are not in the record, but they could be compelling in this case, right? I mean, if they were, it was incumbent upon the petitioner to submit them to the board. Compelling to your case. I'm sorry? They could be compelling to your case or dispositive to the issue that we're looking at. Oh. Dispositive to your position. I mean, if they reinforced that the certificate was used, but I don't think... You don't know that. I don't know why the agency would repeat these remarks. Why shouldn't we just send this back and have that issue reviewed? Well, the board... I believe that the board's finding is supported by substantial evidence. There's nothing controverting this reference to a certificate with a specific date. Counselor, it's clear we don't have all the evidence before us. It was the petitioner's burden, Your Honor. It was his burden to provide evidence showing that if his argument hinged on him not being selected from a certificate and he needed more information, he could have requested discovery. He didn't do that. He relied on these SF-50s in the record. He argued that he didn't have to be selected from a certificate, but there's nothing showing... He's provided no evidence, no non-fill-this-allegation, that he wasn't selected from a certificate. The certificate controls because the regulation requires him to serve one. The reference to probationary period, it's just HR's ministerial remark, and Grigsby says that that is not controlling here. We can rely... Grigsby says you can rely on the document for this information about his appointment, but we look at the totality of the circumstances, and there's nothing contradicting the certificate. Okay. Okay. Thank you, Your Honor. We request that you affirm. Counselor Augustino, we'll restore your... I believe you have five minutes of rebuttal. Go ahead. So fundamentally, there was no way for the administrative judge or the board to reach a decision without weighing this conflicting evidence. There is an SF-50 that references a certificate. Appellant was told by the agency, which then documented over and over again, that he was not a probationer. His non-frivolous allegation that he's not a probationer is because that's what the agency told him. So if there is... What about the argument that your client had that he had been selected from the register? So I think fundamentally, appellant had no insight into what happened. The government did reference the certificate. I don't think from a legal standpoint. Part of the problem is that, you know, terms like register, certificate of eligibles, these are not well-defined in any regulation for us to be able to tell what these are all supposed to mean. Do you happen to know which filing in which the appellant here, the petitioner, talked about being hired from a register? What filing was that? It was in his response to jurisdiction before the administrative judge. And was he referring to his initial hire from, I don't know, I think it was the Navy, way back in the day, or is it really more about his most recent hire? No, I mean, he obviously did apply for this position, which is how he came to be selected. And so if applicants apply for a position, presumably the agency... The point I'm trying to make is, maybe when he was discussing being hired from a register, it wasn't for his current position or for the supervisory engineer position. It was for his prior position before that when I think he was hired by the Navy. And so it wasn't a concession that... No. For this particular position, he was hired from a register, i.e. a certificate of... He has no insight into the selection process at all. That is why we're requesting a remand. It does appear that there is conflicting evidence. As for discovery for the certificate itself? Appellanted not below. Typically, discovery before a jurisdictional finding is by request. I don't think that appellant had any reason to believe that he thought that he wasn't a probationer. Like I said, even his termination, SF-50, said he was a tenured employee, every document he had received. So given the cancellation and then everything that happened since, I don't think he ever thought there was a question that he was anything other than a tenured employee. It seemed to me in the record that when he saw the initial SF-50, he saw mistakes on it and was the impetus for the changes. Is that correct? That is correct. And what... Just in reading the record in your briefing, what does the record show us caused him to seek the correction and cancellation? Because it showed he was a probationary employee. Okay. So the certificate reference in the initial SF-50 was not... You're telling me that's not something that raised red flags for him? He wasn't aware of that? Not initially. So when he saw that first appointment, SF-50, he went to HR and said, I should not be a probationary employee, given my prior service and that I was a direct hire. HR then agreed. Isn't it true, though, that a prior employee with... He had a lapse in service. He did. And rehired or hired to a new position, if he was... Even though he had previously served a period of probation, if he was hired from the certificate of eligibles, he would be required to satisfy a one-year probationary period. I think this is where the direct hire regulation does give an agency a choice, and his SF-50 does clearly cite that that was the authority used.  So they didn't reinstate him. They didn't competitively select him. They specifically documented that this was a direct hire. And the form itself is in conflict if it says direct hire and certificate. I think so much was in conflict that at this point this regulation's been rescinded. This became apparent last year that agencies were doing all sorts of different things with regard to employees coming back to government service. This is an example of one of those messes. Thank you. Thank you for your argument. We thank the party for their arguments this morning. The case will be taken into submission.